**NOT FOR PUBLICATION**



FILED & ENTERED

AUG 11 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier     DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:14-bk-10668-MB |
| JASMIN KATCHTOURIAN and REMON YOUNANY, | Chapter 7 |
| Debtors. | Adv. Case No.: 1:14-ap-01098-MB |
| | **MEMORANDUM OF DECISION FOLLOWING TRIAL** |
| SATISH SHETTY, | |
| Plaintiff, | |
| v. | |
| JASMIN KATCHTOURIAN and REMON YOUNANY, | |
| Defendants. | |

On April 22, 2016, the Court conducted a trial in this adversary proceeding. Dana Douglas represented plaintiff Satish Shetty ("Shetty" or "Plaintiff"). Brian Nomi represented defendants Jasmin Katchtourian ("Katchtourian") and Remon Younany ("Younany," collectively with Katchtourian, the "Defendants"), the chapter 7 debtors herein. This memorandum constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Plaintiff alleges four claims for relief under Bankruptcy Code sections 523(a)(2)(A), 523(a)(6), 727(a)(4)(A), and 727(a)(5). For the reasons discussed herein, the Court determines that Plaintiff failed to carry his burden of proof on the nondischargeability of his claims under sections 523(a)(2)(A) and 523(a)(6), and finds in favor of the Defendants. The Court makes no determinations on Plaintiff's two section 727 claims because Plaintiff failed to preserve those claims in the pre-trial order, as discussed more fully below.

## I.  JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (I) and (J), and this Court has the constitutional authority to enter a final judgment on the Complaint. *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

## II.  FACTS

Debtors filed their chapter 7 petition on February 10, 2014. Prepetition, Debtors owned and operated Harbor Petroleum, Inc. ("Harbor Petroleum"), which operated a gas station located at 2124 Harbor Boulevard, Ventura, CA 93001 (the "Defendants' Business").

1

Plaintiff's causes of action involve two separate claims, one by Gary Yannalfo ("Yannalfo") in the amount of $87,000.00 and the other by Avi Kavehpour ("Avi") and Ali Kavehpour ("Ali," collectively with "Azi," the "Kavehpours")[1] in the amount of $183,000.00. Both claimants assigned the entirety of their claims to Plaintiff.

<u>The Kavehpour Claim</u>

In or around January 2012, the Kavehpours entered into a stock purchase agreement (the "Stock Purchase Agreement") with the Defendants. The Stock Purchase Agreement purported to transfer an ownership interest in Defendants' Business to the Kavehpours in exchange for $183,000.00.

Plaintiff asserts that Defendants informed Azi that Defendants' Business was profitable and "free and clear with no liabilities," but that Defendants' Business was delinquent on a loan in an amount over $600,000.00.

Plaintiff further argues that no documents were executed evidencing the transfer of any ownership interests in Defendants' Business to the Kavehpours. Plaintiff contends that no such documents were ever executed because the Defendants' Business' petroleum distribution license(s) and franchise agreement did not permit the transfer of such interests.

<u>The Yannalfo Claim</u>

Similarly, Plaintiff contends that sometime before January 18, 2013, Defendants represented to Yannalfo that Defendants' Business was solvent.[2] Yannalfo entered into an agreement with the Defendants wherein Yannalfo would invest in the Defendants' Business in return for an ownership interest of Defendants' Business. Between January 2013 and May 2013,

---

[1] Because both Avi Kavehpour and Ali Kavehpour retain the same surname, we refer to them by their first names to identify them. No disrespect is intended by their first name references.

[2] The Yannalfo Declaration also testifies that one reason Yannalfo believed the Defendants' Business to be solvent was because on January 18, 2013, a representative of Chase Bank, Debra Dana Beckett, confirmed that the Defendants' Business made regular deposits. The Court will not consider this a representation or omission on behalf of the Defendants because it was Ms. Beckett, not the Defendants, who made that representation.

Yannalfo tendered approximately $87,000.00 to the Defendants, but the Defendants never executed any document transferring an interest in the Defendants' Business to Yannalfo.

### III.    PROCEDURAL HISTORY

On February 10, 2014, Defendants filed their voluntary, joint petition under chapter 7 of the Bankruptcy Code. On May 5, 2014, the chapter 7 trustee filed her "no-asset" report. On May 16, 2014, Plaintiff commenced this adversary proceeding. On June 11, 2016, Plaintiff filed his *First Amended Complaint to Determine Dischargeability and Objection to Debtor's Discharge Pursuant to 11 U.S.C. §523 and 11 U.S.C. §727 of the Bankruptcy Code*, which is the operative complaint herein (the "Complaint"). Adv. Dkt. 3.

The parties entered into a pre-trial stipulation (the "Pre-Trial Stipulation"), wherein the parties agreed to present direct evidence by declaration in lieu of live testimony. Adv. Dkt. 83. On February 22, 2016, the Court entered an order approving the Pre-Trial Stipulation (the "Pre-Trial Order"). Adv. Dkt. 80. Paragraph G of the Pre-Trial Order states, "The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice."

<u>Failure to Preserve Section 727 Claims</u>

Although the Complaint alleged claims for relief under Bankruptcy Code section 727, the Pre-Trial Stipulation and the Pre-Trial Order failed to preserve Plaintiff's two claims for relief under section 727. Paragraph C of the Pre-Trial Stipulation and the Pre-Trial Order list only two issues of law to be litigated:

    i.    "The alleged foregoing acts, misrepresentations, omissions, fraud, and false pretenses by Defendants to the Kavehpours and by Defendant Younany to Yannalfo constitute actual fraud" and

    ii.    "The above-described conduct concerning the promises and representations to the Kavehours and to Yannalfo constitute willful and malicious injury by the Defendants to the Kavehpours and to Yannalfo constitute willful and malicious injury by the Defendants to the Kavehpours and to Yannalfo."

3

Both of those issues of law go directly to Plaintiff's claims under sections 523(a)(2)(A) and 523(a)(6), and do not in any way pertain to claims for relief under sections 727(a)(4)(A) and 727(a)(5).

The Ninth Circuit has held that issues not preserved in the pretrial order are eliminated from the action. *Hunt v. County of Orange,* 672 F.3d 606, 617 (9th Cir. 2012) (quoting *S. Cal. Retail Clerks Union and Food Emp'rs Joint Pension Trust Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984)); *United States v. Joyce*, 511 F.2d 1127, 1130 n.1 (9th Cir. 1975) ("[T]he parties are bound by their agreement to limit the issues to be tried."). The Court finds that Plaintiff's claims for relief under sections 727(a)(4)(A) and 727(a)(5) are abandoned due to Plaintiff's failure to preserve them in the Pre-Trial Stipulation and Pre-Trial Order. Accordingly, the Court makes no determinations as to those claims under section 727.

<u>Plaintiff's Failure to Comply with Pre-Trial Order Deadlines</u>

The Pre-Trial Order also set certain deadlines for each party to file their exhibits and declarations comprising each side's case in chief. Plaintiff's exhibits and declarations were to be filed no later than March 25, 2016, and Defendants' exhibits and declarations were to be filed no later than April 1, 2016. The Court set trial for April 22, 2016.

On April 19, 2016, three days before trial, Plaintiff filed his *Ex Parte Request for Relief from Deadline and Permission to File and Lodge Trial Brief and Supporting Declarations* (the "Ex Parte Motion"). The Ex Parte Motion sought relief from the deadlines set in the Pre-Trial Order, and requested that the Court permit Plaintiff to file eleven exhibits (Plaintiff's Exhs. 1-11), one deposition transcript of Defendant Younany (the "Deposition Transcript") (Plaintiff's Exh. 12), and three declarations (Plaintiff's Exhs. 13-15).

At trial, Plaintiff stated that the Deposition Transcript was designated solely for the purpose of impeachment evidence. Because Defendants opted not to present any witnesses on their behalf, and no impeachment of such witnesses occurred, the Court did not admit the Deposition Transcript into evidence. The parties stipulated to the admission of the three late-filed declarations: (i) *Declaration of Plaintiff Satish Shetty* (the "Shetty Declaration) (Plaintiff's Exh. 13); (ii) *Declaration of Witness Azi Kavehpour* (the "Kavehpour Declaration") (Plaintiff's Exh. 14); and

4

(iii) *Declaration of Witness Gary Yannalfo* (the "Yannalfo Declaration") (Plaintiff's Exh. 15). At trial, Defendants waived their right to cross-examine Shetty, Kavehpour, and Yannalfo. However, Defendants objected to the admission of the remaining eleven exhibits (the "Disputed Exhibits"), for failure to comply with the deadlines provided in the Pre-Trial Order.

### IV.    THE DISPUTED EXHIBITS

The Pre-Trial Order required Plaintiff to file all trial exhibits no later than March 25, 2016, but Plaintiff did not file them until April 19, 2016, which was only three days before trial. The Pre-Trial Order stated that failure to comply with the deadlines and procedures set out in the Pre-Trial Order could result in the imposition of sanctions, including "the exclusion of evidence (e.g., witnesses who were not timely identified or exhibits that were not timely submitted)." Defendants also urged the Court not to admit the Disputed Exhibits at trial.

Courts are discouraged from precluding the introduction of evidence when it would amount to a case-terminating sanction. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012). Accordingly, while the Court indicated at trial that it generally would not admit Plaintiff's late-filed exhibits, the Court stated that it would take into consideration any authenticated documents filed by Plaintiff of which the Court could properly take judicial notice under Federal Rule of Evidence 201.

The Court, having reviewed the Disputed Exhibits, takes judicial notice that the following pleadings were filed in the cases specified below:

1. Plaintiff's Exhibit 2 – *Corporate Ownership Statement Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4*, filed with this Court in Debtors' Business' bankruptcy case, *In re Harbor Petroleum, Inc.*, case number 1:13-bk-10846-MT.

2. Plaintiff's Exhibit 3 – *Schedule F – Creditors Holding Unsecured Nonpriority Claims, Declaration Concerning Debtor's Schedules*, filed with this Court in Debtors' Business' bankruptcy case, *In re Harbor Petroleum, Inc.*, case number 1:13-bk-10846-MT.

3.  Plaintiff's Exhibit 4 – *Schedule B – Personal Property, Declaration Concerning Debtor's Schedules*, filed with this Court in a prior bankruptcy case filed by Younany, *In re Remon Younany*, case number 1:11-bk-23447-MT.

4.  Plaintiff's Exhibit 9 – a summons dated October 11, 2013, from the California Superior Court for an unlawful detainer action brought by third-party, "Tesoro Refining and Marketing Company, LLC," against Defendants.

5.  Plaintiff's Exhibit 10 – *Schedule F – Creditors Holding Unsecured NonPriority Claims, Declaration Concerning Debtor's Schedules, Electronic Filing Declaration*, filed with this Court in the Defendants' underlying bankruptcy case, *In re Jasmin Katchtourian and Remon Younany*, case number 1:14-bk-10668-MB.

6.  Plaintiff's Exhibit 11 - *Schedule F – Creditors Holding Unsecured NonPriority Claims, Electronic Filing Declaration*, filed with this Court in a prior bankruptcy case filed by Defendant Younany, *In re Remon Younany*, case number 1:11-bk-23447-MT.

## V.    LEGAL ANALYSIS

The Complaint alleges two causes of action for nondischargeable debts and two causes of action objecting to Defendants' chapter 7 discharge. As previously noted, the Court deems Plaintiff's two claims under section 727 of the Bankruptcy Code abandoned for failure to preserve them in the Pre-Trial Stipulation and Pre-Trial Order. *Hunt v. County of Orange,* 672 F.3d 606, 617 (9th Cir. 2012). For the claims brought under section 523 of the Bankruptcy Code, the creditor-plaintiff bears the burden of proof by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

### A.  Nondischargeability under 11 U.S.C. § 523(a)(2)(A)

Bankruptcy Code section 523(a)(2)(A) excepts from discharge a debt obtained by "false pretenses, a false representation, or actual fraud*, other than a statement respecting the debtor's or an insider's financial condition*." (emphasis added). To prove a claim under section 523(a)(2)(A), Plaintiff must show: (1) that the debtor made the representations other than a statement respecting

6

Case 1:14-ap-01098-MB    Doc 92    Filed 08/11/16    Entered 08/11/16 08:07:04    Desc
Main Document    Page 8 of 11

the debtor's or an insider's financial condition; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained alleged loss and damage as the proximate result of such representations. *In re Diamond*, 285 F.3d 822, 827 (9th Cir. 2002) (citations omitted).[3] Plaintiff fails to meet his burden under section 523(a)(2)(A) because he fails to meet all the requisite elements.

First, Plaintiff asserts that Younany made certain representations that Defendants' Business was "free and clear" with no liabilities, and that Defendants' Business was solvent and profitable. These representations fail at the outset because they are "statement[s] respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). These alleged misrepresentations clearly go to the financial conditions of an insider,[4] which are expressly excepted by section 523(a)(2)(A).

Next, Plaintiff asserts that Younany misrepresented that ownership interests in Defendants' Business could be sold to the Kavehpours and Yanalfo when Younany failed to disclose that the Defendants were contractually prohibited from selling or transferring any interest in Defendants' Business. Plaintiff contends that Younany knew he could not sell any interests in Defendants' Business because the Defendants' Business' petroleum distribution license and/or franchise agreement precluded such a transfer. However, Plaintiff fails to demonstrate Younany's alleged knowledge of the contents of those agreements, which were never offered into evidence.

Finally, the Court finds that Plaintiff failed to show that Defendants intended to deceive Yannalfo and the Kavehpours. Plaintiff relies solely on the argument that Defendants knew they

---

[3] The United States Supreme Court recently issued its decision in *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581 (2016) holding that the term "actual fraud" under section 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation. However, this Court need not make a determination under *Husky Int'l Elecs., Inc.* because Plaintiff's claim under section 523(a)(2)(A) is based on alleged false representations and does not allege other forms of fraud as contemplated by *Husky Int'l Elecs., Inc*.

[4] Section 101(31)(A)(iv) of the Bankruptcy Code defines an insider as a "corporation of which the debtor is a director, officer, or person in control." Here, Defendants' Business is an insider of the Debtors as Debtors were the "person[s] in control" of Defendants' Business.

7

could not convey ownership interests in Defendants' Business to others.  As previously stated, the Court has no evidence before it to support Plaintiff's assertion. Therefore, the Court finds in favor of Defendants for this claim for relief under section 523(a)(2)(A).

### B. Nondischargeability under 11 U.S.C. § 523(a)(6)

Plaintiff also argues that the debt is nondischargeable under Bankruptcy Code section 523(a)(6), but ultimately fails to prove a claim under this statute. Section 523(a)(6) excepts from discharge a debt arising from a willful and malicious injury by the debtor to another entity or to the property of another entity. A claim under section 523(a)(6) requires the creditor to prove that the debtor's conduct in causing the tort was both willful and malicious. *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 711 (9th Cir. 2008).

To show a willful injury under section 523(a)(6), Plaintiff must establish that Defendants deliberately or intentionally injured Plaintiff or Plaintiff's property, and that in doing so, the Defendants intended the consequences of their act, not just the act itself. *Kawaauhau v. Geiger*, 523 U.S. 57, 60–61 (1998). In other words, Defendants must act with a subjective motive to inflict injury, or with actual knowledge that injury is substantially certain to result from the conduct. *In re Su*, 290 F.3d 1140, 1143 (9th Cir. 2002); *Petralia v. Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001). Injuries resulting from reckless or negligent acts do not satisfy the wrongful intent required by section 523(a)(6). *In re Peklar*, 260 F.3d 1035, 1038 (9th Cir. 2001).

An injury is malicious within the meaning of section 523(a)(6) if the debtor: (1) commits a wrongful act, (2) done intentionally, (3) which necessarily causes injury; and (4) the act is done without just cause or excuse. *In re Su*, 290 F.3d at 1147.

Plaintiff argues that his claims should be determined nondischargeable under section 523(a)(6) because Defendants knew they could not convey interests in the Defendants' Business and that the financial condition of Defendants' Business meant that the investments by the

Kavehpours and Yanalfo would not be repaid.[5]  First, as previously discussed, Plaintiff fails to demonstrate Defendants' alleged knowledge that any petroleum distribution license and/or franchise agreement, neither of which were introduced into evidence, precluded Defendants from transferring an interest of Defendants' Business.

Next, Plaintiff contends Defendants acted willfully and maliciously when taking money from Yannalfo and the Kavehpours because—Plaintiff argues—Defendants took the money knowing it was unlikely that Yannalfo and the Kavehpours would be repaid.  Plaintiff's argument assumes the Defendants' Business was in financial distress, and that Defendants knew this, because Defendants' Business subsequently filed its own bankruptcy on February 10, 2013.  This argument sounds very much like Plaintiff's argument under section 523(a)(2), but nevertheless fails on its own accord under section 523(a)(6).

Plaintiff never gets close to proving that Defendants acted with a subjective motive to inflict injury, or with actual knowledge that injury is substantially certain to result because Plaintiff fails to prove the underlying premise of this argument, i.e. that Defendants' Business was not solvent or profitable at the time Defendants allegedly made misrepresentations about the financial condition of the Defendants' Business.

As to the Kavehpour Claim, the Kavehpours paid Defendants $183,000.00 in or around January 2012.  But Plaintiff failed to offer any evidence regarding the financial condition of the business in or around January 2012.  The only evidence relied on by Plaintiff is the fact that Defendants' Business filed for its own bankruptcy on February 10, **2013**, over one year later.  This is insufficient alone to prove that Defendants' Business was insolvent or unprofitable in January 2012, let alone that Defendants acted willfully and maliciously when entering into an agreement with the Kavehpours in January 2012.

---

[5]  Plaintiff's Trial Brief also asserts that "Sheikhpour willfully and maliciously engaged in conduct designed to extinguish Chevron's lien on the Residence, while preserving rights on the Residence for himself." Adv. Dkt. No. 85 at 10:17-19.  The Court presumes that sentence was inadvertently carried over from a previous pleading in a different proceeding and does not pertain to this adversary proceeding.

As to the Yannalfo Claim, Yannalfo failed to testify in his declaration as to *when* Defendants made the alleged representations about the financial condition of Defendants' Business, leaving the Court at a loss to determine whether such representations were made at a time when they were false. Indeed, the only representation described with any specificity by Yannalfo is the representation of a Chase Bank representative, not the Defendants. Thus, on the record before it, the Court cannot conclude that Defendants acted willfully and maliciously with respect to Yannalfo.

Therefore, the Court finds in favor of Defendants for this claim for relief under section 523(a)(6).

## VI. CONCLUSION

For all of the foregoing reasons, Plaintiff fails to establish that his debts should not be discharged pursuant to sections 523(a)(2)(A) or 523(a)(6). Accordingly, the Court will enter a separate judgment in favor of Defendants on Plaintiff's claims for relief under section 523 of the Bankruptcy Code.

###

Date: August 11, 2016

Martin R Barash
United States Bankruptcy Judge